# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES TREVOR PALMER | CIVIL ACTION |
| VERSUS | NUMBER 07-6882 |
| ALLSTATE INDEMNITY COMPANY | SECTION "L" (4) |

## ORDER & REASONS

Before the Court is the Defendant's Motion for Summary Judgment (Rec. Doc. 24). For the following reasons, the Defendant's motion is now GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

This case arises out of an insurance dispute over property damages resulting from Hurricane Katrina. The Plaintiff's property, located at 1835 Napoleon Avenue in New Orleans, Louisiana, suffered extensive damage during the storm. At the time of the damage, the Plaintiff had both a homeowner's policy with Allstate Indemnity Company ("Allstate") and a flood policy with Allstate's Flood Insurance Program.

The homeowner's policy provided the following coverages and limits: $522,247 for structure; $52,225 for other structures; $156,675 for contents; and up to twelve months of Additional Living Expenses. In addition, the flood policy provided limits of $250,000 for structure and $50,000 for contents. Although the property suffered some flood damage, flood waters did not reach the first floor. In its capacity as flood insurer, Allstate resolved the flood claim on March 15, 2006, when it paid the Plaintiff a total of $36,945.05. Accordingly, the flood policy is not at issue in this case.

In its capacity as the homeowner's insurer, Allstate has, to date, paid the Plaintiff a total

of $69,783.60, consisting of one payment of $46,430.52 on February 1, 2006, and one payment of $23,353.08 on February 5, 2007. Allstate has not paid the Plaintiff anything for ALE, lost rent, or contents.

On August 29, 2007, the Plaintiff filed suit against Allstate in the Civil District Court for the Parish of Orleans, alleging that Allstate had "shorted [him] over $100,000 for his losses, including, but not limited to, repairs, lost rent, and additional living expenses." Compl. ¶ 11. The Plaintiff seeks compensation for completed and future repairs to the property, as well as penalties and attorney's fees for Allstate's alleged bad faith failure to timely resolve the claim. On October 16, 2007, Allstate removed the action to this Court on the basis of diversity jurisdiction.

## II. PRESENT MOTION

On February 27, 2009, Allstate filed a motion for partial summary judgment on the following grounds: (1) that the Plaintiff cannot show that there are any remaining sums owed to him under Coverage A (the "Structure Coverage") of his homeowner's policy; and (2) that the Plaintiff is unable to prove the elements necessary to recover under Louisiana's Valued Policy Law ("VPL") statute. According to Allstate, the Plaintiff has failed to present any evidence demonstrating that the damages to his property exceed the amount that Allstate has already paid to him. Allstate contends that the only evidence the Plaintiff has produced so far–a spreadsheet valuing the total repairs to the property at $61,685.44–is inadmissible under Federal Rule of Evidence 1006, because the Plaintiff has failed to produce the receipts upon which the spreadsheet is based. Further, Allstate contends that the Plaintiff's own spreadsheet proves that the total cost of his repairs falls well short of the $106,782.65 that Allstate has paid him in its capacities as homeowner's and flood insurer.

In response, the Plaintiff argues that, by combining the flood and homeowner's payments, Allstate has incorrectly attempted to offset wind-related damages with money paid to the Plaintiff under the flood policy. According to the Plaintiff, the spreadsheet that he provided to Allstate contained only those repairs for wind-related damages that were completed through the end of 2007, and did not contain any repairs for flood-related damages, as the two policies are separate and distinct from one another. The Plaintiff contends that the repairs that he has completed to date are valued at $89,629.01, whereas the remaining repairs will total approximately $60,000. Further, the Plaintiff alleges that, shortly before Allstate filed its motion, he provided Allstate with hundreds of pages of receipts, bills, and statements to back up the information contained in the spreadsheet. Finally, the Plaintiff stipulates that he is no longer pursuing a claim under the Louisiana VPL statute for a total loss and recovery of the property's insurance limits.

## III.  LAW & ANALYSIS

Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issue of material fact." *McCall v. Focus Worldwide Television Network, Inc.*, 2008 WL 3366080, *3 (E.D. La. Aug. 8, 2008). A fact is material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under

governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

> **A. THE PLAINTIFF'S CLAIM FOR ADDITIONAL EXPENSES UNDER THE HOMEOWNER'S POLICY**

First, Allstate seeks a judgment to preclude the Plaintiff from recovering any additional expenses under the structure coverage of the homeowner's policy. The Plaintiff has produced a spreadsheet that he contends contains the total amount of expenses for wind-related repairs completed prior to 2008. According to the Plaintiff, Allstate's calculation is flawed because Allstate has improperly lumped the wind- and flood-related payments together in an attempt to show that the Plaintiff has been overcompensated for his wind-related repairs. Further, the Plaintiff argues that he recently provided Allstate with documentary evidence to support the amounts listed in the spreadsheet, as well as additional receipts documenting repairs in addition to those contained in the spreadsheet. Accordingly, the Court finds that summary judgment is inappropriate as to this issue because there are genuine issues of material fact as to the total value of the repairs to the Plaintiff's property.[1]

> **B. THE PLAINTIFF'S CLAIM FOR COMPENSATION UNDER THE LOUISIANA VPL**

Second, Allstate seeks a ruling that, as a matter of law, the Plaintiff is unable to prove that he is entitled to recover under the Louisiana VPL. Because the Plaintiff has stipulated that he is no longer pursuing his claims under the VPL statute, the Court need not address the merits of the Defendant's motion on this point. The Court will grant the Defendant's motion as to this

---

[1] At this time, the Court specifically reserves ruling as to the admissibility of the Plaintiff's spreadsheet of expenses.

issue and will dismiss the Plaintiff's claims for compensation under the VPL with prejudice.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion for Summary Judgment (Rec. Doc. 24) IS GRANTED IN PART AND DENIED IN PART.

New Orleans, Louisiana, this __13th__ day of __April__, 2009.

_____
UNITED STATES DISTRICT JUDGE